**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LIHONG KE,

　　　　　Petitioner,

　v.

ERIC H. HOLDER, Jr., Attorney General,

　　　　　Respondent.

No. 12-71389

Agency No. A099-902-737

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:　　ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

　　Lihong Ke, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on inconsistencies within Ke's testimony, and between her testimony and supporting documents. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard). Ke's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000) (agency not compelled to accept petitioner's explanation for discrepancy even if plausible). We reject Ke's contentions that the agency failed to conduct a reasoned analysis or applied an incorrect legal standard. We also reject Ke's contention that the BIA inadequately explained its reasoning. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010). Further, the BIA rejected Ke's argument that the IJ did not provide her an opportunity to explain discrepancies, and Ke does not raise any challenges to the BIA's rejection of that argument. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived). In the absence of credible testimony,

Ke's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Ke did not challenge the BIA's finding that she did not claim eligibility for CAT relief. *See Martinez-Serrano*, 94 F.3d at1259-60.

**PETITION FOR REVIEW DENIED.**